UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, on behalf of UC DAVIS HEALTH SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>STIDHAM TRUCKING INC.; CRAIG C. HANSEN INSURANCE SERVICES, INC.; WORTHINGTON OLSON, INC., dba COBRAHELP; ANTHEM, INC; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 16-cv-02835-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Plaintiff Regents of the University of California ("Plaintiff" or "Regents"), on behalf of the UC Davis Medical Center, sought payment for medical services provided to non-party patient Jack Franklin. Plaintiff alleged that Defendants unlawfully denied Franklin his rights to enroll in health insurance pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161–1168. The original Defendants were Franklin's former employer, Stidham Trucking Inc. ("Stidham"); Stidham's insurance broker, Craig C. Hansen Insurance Services, Inc. ("Hansen"); Stidham's COBRA administrator, Worthington Olson, Inc., dba CobraHelp ("CobraHelp"); and Stidham's insurance provider, Anthem, Inc. ("Anthem").

1

Stidham, CobraHelp, and Anthem moved to dismiss Plaintiff's claims against them, and the Court granted those motions on September 1, 2017.[1]  ECF No. 34.

At that time, CobraHelp additionally moved for sanctions against Plaintiff's counsel ("Counsel") under Rule 11, which motion the Court also granted.  ECF Nos. 9, 34.  Because the Court has already determined that sanctions are warranted, it will not recount the facts surrounding the basis for those sanctions here.  Suffice it to say the Court agreed with CobraHelp that certain allegations in Plaintiff's Complaint were directly contradicted by email evidence in Counsel's possession and that, as a result, Counsel had filed a Complaint containing statements or allegations that she knew were false in violation of Rule 11.

By way of its Rule 11 Motion, CobraHelp sought to recover "attorney's fees incurred defending Plaintiff's claims" but failed to provide the purported amount of those fees.  Accordingly, CobraHelp was ordered to file a statement of fees which it has now done (ECF No. 35), and Plaintiff's counsel was permitted to thereafter file an objection to the amount requested, which it has done as well (ECF No. 36).  In its statement, CobraHelp seeks fees in the amount of $26,326.00.  The Court has now reviewed the parties' respective filings, and—for the reasons discussed below—has determined that sanctions in the amount of $13,015.00 are appropriate.

**STANDARD**

Federal Rule of Civil Procedure 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and

---

[1] Plaintiff voluntarily dismissed its claims against Hansen, the last remaining Defendant, on December 13, 2017.  ECF Nos. 43-44.

> other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11. "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule . . . ." Id.

Rule 11 "is designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion[,] or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." Truesdell v. S. Cal. Permanente Med. Grp., 209 F.R.D. 169, 173–74 (C.D. Cal. 2002). Rather, Rule 11 is governed by an objective standard of reasonableness. See, e.g., Conn v. COS Borjorquez, 967 F.2d 1418, 1420 (9th Cir. 1992). Thus, where a party "pursues causes of action for which there is no legal basis whatsoever," sanctions may be warranted. Bhambra v. True, No. 09-cv-4685-CRB, 2010 WL 1758895, at *3 (N.D. Cal. Apr. 20, 2010).

"[T]he central purpose of Rule 11 is to deter baseless filings." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 254 (9th Cir. 1992) (alteration in original) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 392 (1990)). "Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated." Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). If Rule 11(b) was violated, the court "may" impose sanctions. Id. "If it decides not to impose sanctions, some reasoned basis for deciding not to do so is required . . . ." Id.

///
///
///
///

**ANALYSIS**

CobraHelp has filed a statement containing the fees it purports to have expended in defending Plaintiff's claims. These fees include time spent in connection with the Rule 11 Motion, as well as time spent preparing its Motion to Dismiss, its Opposition to Plaintiff's Motion for Sanctions, and time spent performing general case management.

As an initial matter, Counsel's argument that CobraHelp improperly seeks fees incurred outside the preparation of the Rule 11 Motion itself is not well taken. More specifically, Counsel argues that the sanctions award must be limited to fees reasonably incurred as a result of an unwarranted filing (which is an accurate statement), and indicates that only CobraHelp's Motion for Sanctions falls within this description (which is not accurate). Rather, because the unwarranted filing in this case was Plaintiff's Complaint itself, CobraHelp is within its right to seek fees it incurred in defending against the action as a whole. Indeed, if a party were only allowed to seek the fees incurred in bringing the sanctions motion itself, the deterrent effect of Rule 11 would in many cases be negligible.

Additionally, Counsel's reliance on Christian v. Mattel, 286 F.3d 1118 (9th Cir. 2002) is misplaced. Counsel claims Mattel supports her position that awarding fees incurred outside the motion for sanctions itself is only proper in the most extreme situations. But the circuit court did not remand Mattel because the district court awarded sanctions for fees incurred outside of work performed in connection with the sanctions motion. Rather, the case was remanded because the court appeared to have included sanctions as a result of counsel's conduct, while Rule 11 is intended to police only court filings and not counsel's behavior. Rule 11 sanctions are not limited to fees incurred in filing a Rule 11 motion.

Relatedly, Counsel argues that CobraHelp's request for fees generated in connection with its Motion to Dismiss and its Opposition to Plaintiff's Motion for Sanctions is improper because those motions were not the direct result of Counsel's

4

Rule 11 violation. The Court disagrees.[2] Plaintiff's Motion for Sanctions was brought in response to CobraHelp's Motion for Sanctions and would not have been filed but for CobraHelp's motion. The Opposition is therefore the direct result of Counsel's Rule 11 violation. And regarding CobraHelp's Motion to Dismiss, while that motion may have raised legal theories separate from the Rule 11 issues present in the Complaint, a motion to dismiss would not have been necessary but for Plaintiff's Complaint. At a more basic level, because of the nature of Counsel's violation, any work performed by CobraHelp's lawyers as a result of Plaintiff's allegations could be deemed the direct result of Counsel's Rule 11 violation. For that reason—and because Counsel cites no law to the contrary—the Court finds the scope of CobraHelp's request to be appropriate.

Counsel additionally argues that the fees requested are excessive, not because of the rate at which CobraHelp's lawyers billed their clients, but because of the time spent on certain tasks. Regarding the former, the Court agrees that the hourly rates in this case are reasonable. $350.00 per hour for an experienced partner, $185.00 per hour for a more junior partner, and $90.00 per hour for paralegal time is in line with the rates customarily charged in the Eastern District for this kind of action. On review of the record as a whole and CobraHelp's lawyers' submitted invoices, however, the Court also agrees that a reduction is warranted to compensate for the amount of time spent on certain tasks.

More specifically, Plaintiff argues that 13.80 hours is an excessive amount of time to prepare a six-page letter regarding CobraHelp's Motion for Sanctions. Plaintiff contends the same with regard to CobraHelp's assertion that its lawyers spent a total of 32.2 hours on a Motion for Sanctions, 28.60 hours on a Motion to Dismiss, 12.40 hours for the related Reply brief, and 21.90 hours on an Opposition to Plaintiff's Motion for Sanctions.[3] For each of those tasks, Counsel requests that the Court "reduce the

---

[2] And contrary to Counsel's argument, a party is not required under Rule 11 to seek attorneys' fees within its dispositive motions in order to receive fees arising from those motions.

[3] Counsel lastly argues that certain charges are "too vague as to be payable" and/or that some charges should not be payable as they are not related to any motion. ECF No. 36, at 10. As addressed

5

sanctions allowed, to half, i.e., [one half of the total hours billed] at $185.00 per hour, or the lesser amount billed, or to an amount that the Court deems just . . . ." ECF No. 36, at 6-10.  The Court agrees that a reduction is warranted not only for these enumerated tasks, but for the work performed in defending this action in general.  On review of the record as a whole, the Court, in its discretion, finds it appropriate to reduce the total hours expended—and therefore the total amount of fees requested—by one half.  The Court therefore awards $13,015.00 (($26,326 - $296) / 2 = $13,015), which it has determined are the reasonable attorneys' fees directly resulting from Plaintiff's counsel's Rule 11 violation.

**CONCLUSION**

Having already granted CobraHelp's Motion for Sanctions (ECF No. 34), the Court hereby issues sanctions against Plaintiff's counsel in the amount of $13,015.00.

Because all Defendants have been dismissed from this action (see ECF Nos. 34, 44), a judgment of dismissal in favor of Defendants Blue Cross of California, dba Anthem Blue Cross, Stidham Trucking Inc., Worthington Olson, Inc. dba CobraHelp, and Craig C. Hansen Insurance Services Inc., and against Plaintiff Regents, is hereby entered.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: January 5, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

above, charges for work performed outside of the Rule 11 motion itself are entirely payable under the circumstances.  This would include general case management, research memoranda, and status reports to the client.  The Court agrees, however, that it appears the June 27, 2017, entry regarding a protective order was billed in error and therefore will deduct $296.00 (1.60 hours at $185/hour) from the total.